DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division. Appellant was adjudicated a delinquent following his conviction of felonious assault with a gun specification, in violation of R.C.2152.17(A)(2) and 2941.145. Appellant filed a timely appeal, arguing that his adjudication of delinquency was not supported by sufficient evidence and was against the manifest weight of the evidence. Because sufficient, credible evidence was offered to prove that appellant committed felonious assault with a firearm and the trial court's resolution of conflicting testimony was not against the manifest weight of the evidence, we affirm.
 {¶ 2} The following facts are not in dispute. A fight occurred one summer night between residents of the 2300 and 2400 blocks of Warren Avenue, Toledo, Ohio. Christopher Giles and Corey Shuler, along with Kenneth Taylor found themselves outnumbered and cornered on a porch. Escaping from the porch, the fights covered at least two yards and the street and spanned 20 minutes or more. Appellant was not initially involved in this round of fighting. Irene Giles managed to momentarily stop the fight, with the assistance of her son Carnelle and an unnamed passerby. Christopher, Corey, and Carnelle are brothers, and Irene is their mother.
 {¶ 3} The state of Ohio contends that after this momentary lapse, appellant arrived and began firing a small gun at Kenneth. To this end, the State offered the testimony of Christopher, Irene, and Kenneth. Christopher testified that he witnessed appellant point something at Kenneth which produced fire and gunshot-like noises. Irene witnessed appellant point a gun "that fit in his hand" at Kenneth and fire at least two shots. Both testified that appellant rode a bicycle up to the fight and jumped off the bicycle. Both witnessed appellant point at Kenneth. Both saw appellant fire a gun in Kenneth's direction. Kenneth testified that he only saw appellant walk up, point at him, and fire at least one shot. Further, Kenneth stated that he was unaware of what happened next because he turned and ran.
 {¶ 4} Appellant contends, on the other hand, that even though he may have joined in the evening brawl, he did not possess or use a firearm. Appellant offered the testimony of two individuals who saw appellant arrive on foot, did not see any guns, but did see Corey light a small explosive which made a boom. Appellant also notes that there was no actual evidence of a gun or shell casings found at the scene. Appellant's appeal contains the following assignment of error:
 {¶ 5} "I. The trial court erred in finding the appellant delinquent of felonious assault with a gun specification"
 {¶ 6} Due process affords juveniles the same protections afforded criminal defendants, notwithstanding the civil nature of juvenile proceedings. In the Matter of: Jesse A.C., (Dec. 7, 2001), 6th Dist. No. L-01-1271. Accordingly, "we review juvenile delinquency adjudications using the same weight and sufficiency standards that we would use for criminal defendants." Id. Sufficiency of the evidence is purely a question of law.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Under this standard of adequacy a court must consider whether the evidence is sufficient to support the conviction, as a matter of law. Id. The proper analysis is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams (1996),74 Ohio St.3d 569, 576.
 {¶ 7} Appellant was found delinquent for conduct that, if he was an adult, is considered felonious assault with a gun specification, a violation of R.C. 2903.11 and 2941.145. R.C.2903.11 reads, in relevant part, as follows: "(A) No person shall knowingly * * *
 {¶ 8} (2) [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." R.C. 2945.145 allows for a mandatory three year sentence when an "indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and * * * used it to facilitate the offense." R.C. 2923.11(A) defines a deadly weapon as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon," which includes a firearm. R.C. 2923.11(B)(1). Consequently, the State had the burden of proving beyond a reasonable doubt that appellant (1) knowingly (2) attempted to cause physical harm to another (3) by means of a deadly weapon (4) using a firearm to facilitate the offense.
 {¶ 9} The State offered the testimony of three individuals that appellant pointed at Kenneth and then produced a gun and fired it at least once in Kenneth's direction, and/or while in pursuit of Kenneth. On this testimony appellant could be found to have knowingly attempted to cause physical harm to Kenneth by first pointing at him and then firing a gun in his direction. A gun is both a deadly weapon and a firearm. R.C. 2923.11. Whether this evidence is disputed or believed by the trier of fact is not relevant to sufficiency of the evidence. Instead, because this evidence, viewed in a light most favorable to the prosecution, could provide the basis for a rational trier of fact to find the essential elements proven beyond a reasonable doubt, this evidence is sufficient to support appellant's conviction. Therefore, appellant's first argument is without merit.
 {¶ 10} Because, as a matter of law, there is sufficient evidence to support conviction, the issue becomes whether, as a matter of fact, the conviction is against the manifest weight of the evidence. State v. Thompkins, 78 Ohio St.3d at 387. Here, the court must sit as the "thirteenth juror," analyzing the entire record to deduce the relative weight of credible evidence. Id. However, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, 231. The conviction should be reversed, and a new trial ordered, only in those "exceptional case[s] in which the evidence weighs heavily against the conviction." State v. Thompkins,78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Thus, an adjudication of delinquency can only be overturned when "the [trier of fact] clearly lost its way and created * * * a manifest miscarriage of justice." Id., quoting State v. Martin,20 Ohio App.3d at 175.
 {¶ 11} Appellant relies on the testimony of Lamar Porter and William Thomas to support the proposition that the adjudication of delinquency was against the manifest weight of the evidence. Porter and Thomas testified that they did not see appellant with a gun. Both witnesses testified to being very close friends of the appellant. Both testified that they knew appellant was charged with a serious crime that they believed he didn't do, yet neither made any effort to contact the police nor, or in any way, exonerate their friend, prior to their testimony in court. Both conceded they would do anything for their good friend and came to court that day because appellant's brother, Donque asked them to do so. Both testified that they witnessed Corey light a stick of dynamite or a large firecracker which produced a loud boom. Both testified that appellant arrived on foot and that he at no point rode a bicycle.
 {¶ 12} The standard is high, however, and the trial court found the credibility of both Porter and Thomas to be suspect. Even if this court assigned greater weight to the credibility of Porter and Thomas, it would not be sufficient to reverse the finding of the court below. The trial court, with its unique position, enjoys significant deference to determine the credibility of witnesses. Here, the State presented three witnesses that testified to all the essential elements of felonious assault with a gun specification. Therefore, the adjudication of delinquency of appellant is not against the manifest weight of the evidence. Appellant's second argument is without merit. Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 13} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Handwork, Pietrykowski and Lanzinger, JJ., concur.